In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-22-00316-CR
_____

### DOMINIQUE RAMONE JOHNSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 22-03-03391-CR**

### MEMORANDUM OPINION

A grand jury indicted Appellant Dominique Ramone Johnson for evading arrest or detention with a motor vehicle, and the indictment included a paragraph alleging that Johnson had been previously convicted of a felony.[1] *See* Tex. Penal Code Ann. § 38.04(b)(2)(A). Johnson waived his right to counsel and pleaded not guilty. The jury found Johnson guilty as charged in the indictment and found that

---

[1] The jury also found Johnson guilty of aggravated assault of a public servant in trial cause number 22-03-03390-CR, but that conviction is not part of this appeal.

during the commission of the offense or during immediate flight he used or exhibited a deadly weapon, namely a motor vehicle. After Johnson pleaded true to the enhancement allegation, the trial court sentenced Johnson to twenty years of imprisonment. Johnson timely filed his appeal.

On appeal, Appellant's court-appointed attorney filed a brief stating that he has reviewed the case and, based on his professional evaluation of the record and applicable law, there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Johnson to file a pro se brief, and we received no response from Johnson.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new

counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[2]

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on September 8, 2023
Opinion Delivered September 13, 2023
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

---

[2] Johnson may challenge our decision in this case by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.